<u>**NOT FOR PUBLICATION**</u>                                          <u>**CLOSED**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CASSANDRA FICKLIN,            : | |
|                                 : | Civil Action No. 07-3450(SDW) |

CASSANDRA FICKLIN,                       :

                                         :     Civil Action No. 07-3450(SDW)

                                         :

         Plaintiff,                      :

                                         :

v.                                       :

                                         :     **OPINION**

                                         :

COMMISSIONER OF SOCIAL                   :
SECURITY,                                :

                                         :     August 22, 2008

         Defendant.                      :

                                         :

**WIGENTON, District Judge**

Before the Court is an appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), filed by plaintiff Cassandra Ficklin ("Plaintiff") requesting that this Court reverse the decision of the Commissioner or in the alternative, remand these claims to the Commissioner for reconsideration in light of deficiencies in the hearing before Administrative Law Judge Dennis O'Leary (the "ALJ"). The ALJ denied Plaintiff's claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(c).[1]

The Court decides this matter upon review of the record provided and the papers submitted by the parties, without oral argument, pursuant to Federal Rules of Civil Procedure 78. For the

---

[1] The ALJ denied Plaintiff's claim for SSI disability benefits in the decision dated September 21, 2006.

reasons discussed below, the Court finds that the record contains substantial evidence to support the findings of the ALJ, and thus the September 21, 2006, ALJ Decision ("ALJ's Decision")  will be **AFFIRMED.**

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1383(c)(3) and  405(g), as there has been a final decision by the Commissioner and Plaintiff resides in the State of New Jersey.

**BACKGROUND**

Plaintiff is a thirty-nine year old female (Admin. Record, Ex. 1A at 41.)    Plaintiff has received a twelfth grade education and has prior work experience as a financial analyst and a service representative.  (Compl. ¶ 4.)  Plaintiff claims to have the following medical impairments:  severe systemic lupus erythematosus, degenerative disc disease, L4-5 disc herniation, residuals of a stroke and carpal tunnel syndrome.  (Compl. ¶ 5.)  Plaintiff allegedly became disabled as of June 15, 1994 and filed an application for Disability Insurance Benefits on May 15, 1995. (Pl.'s Br. at 12.) On July 12, 1995, Plaintiff's application was initially denied by the Social Security Administration and on December 13, 1995 her reconsideration application was also denied. (ALJ's Decision at 1.) Consequently, Plaintiff requested a hearing, which was held on December 3, 1996, before John M. Farley, ("Farley") administrative law judge.  (ALJ's Decision at 1.)  On January 27, 1997, Farley affirmed the prior denial of disability benefits.  (ALJ's Decision at 1.)  On January 18, 1998, the Appeals Council affirmed Farley's decision. (ALJ's Decision at 1.)  On December 29, 2000, the

District Court of New Jersey remanded the case to the Commissioner.  (ALJ's Decision at 1.)  On October 15, 2001, the Appeals Council vacated the final decision of the Commissioner. (ALJ's Decision at 1.)  On October 21, 2003, Farley issued a subsequent order of dismissal.  (ALJ's Decision at 1.)  Plaintiff filed a complaint on January 16, 2004 in the District Court of New Jersey protesting the dismissal of claimant's hearing. (ALJ's Decision at 1.)  The parties agreed by Consent Order, dated May 27, 2004, that the decision of the Commissioner should be reversed and the case was remanded to the Commissioner.  (ALJ's Decision at 1.)  On May 27, 2004 the District Court remanded the case.  (Pl.'s Br. at 12.)  On June 23, 2005, the ALJ dismissed the case.  (Admin. Record, Ex. 5A at 216-23.)  On January 25, 2006, the Appeals Council remanded the case back to the ALJ.  (Admin. Record, Ex. 6A at 224-27.)   On September 21, 2006, the ALJ denied Plaintiff's claim for disability benefits for the closed period of June 15, 1994 to December 13, 1999.  (Admin. Record at 210-15.)

Plaintiff filed the complaint in the present matter before this Court on July 25, 2007 ("Complaint").

**LEGAL STANDARD**

Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

3

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the following: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F. Supp. 791, 793 (D.N.J. 1981) (citations omitted). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Standard for Determining Eligibility of Disability Benefits

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987).  A disabling impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  An individual is considered to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . . ."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).  The ALJ must demonstrate the relevant evidence used to deny a claimant's disability benefit is such that a "reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401 (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)) .

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process.  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007).  First, if the claimant is currently engaged in substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(I).  Second, if the claimant does not suffer from a "severe" impairment, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(ii).  Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically eligible for benefits.  20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d).  However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step.  20 C.F.R. § 404.1520 (e).  In step four, if the Commissioner finds that claimant retains the "residual functional capacity" ("RFC") to perform his past relevant work, he is not eligible for disability benefits.  20 C.F.R. § 404.1520(a)(4)(iv).  Fifth, and finally, if the claimant,

given his medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits.  20 C.F. R. § 404.1520(a)(4)(v).  The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform."  *Kangas*, 823 F.2d at 777 (citation omitted).

**DISCUSSION**

Plaintiff asserts entitlement to benefits due to disability pursuant to Title II and Title XVI of the Act as provided for in 42 U.S.C. §§ 423, 1383.  (Pl.'s Br. at 1.)  The central issue before this Court is whether there is substantial evidence to support the Commissioner's decision that Plaintiff is not "disabled," as defined by the statute.  Plaintiff asserts that "substantial evidence exists in the administrative record to support a finding of disability" and that there are numerous deficiencies in the ALJ's Decision.  (Pl.'s Br. at 1.)  Alternatively, Plaintiff argues that the Commissioner's final decision is not based on substantial evidence in the record and requests that this Court remand and order a new hearing.  (Pl.'s Br. at 12.)  The record contains sufficient evidence to support the ALJ's conclusion that Plaintiff is not disabled and is capable of sedentary work.[2]  Thus, the ALJ's Decision will be affirmed.

---

[2]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

In this instance, the ALJ found Plaintiff met the requirements of the first two steps in this analysis. (ALJ's Decision at 2.) At step three, the ALJ determined that Plaintiff's impairments did not meet the required severity in the Listing of Impairments; therefore, the disability analysis proceeded to step four. (ALJ's Decision at 2.) At step four and step five, the ALJ found that Plaintiff has the RFC to return to her past work, as she can perform sedentary work. (ALJ's Decision at 2-3.) Plaintiff disputes these findings. (Pl.'s Br. at 15-16.)

**Whether the ALJ Used Substantial Evidence to Determine that Plaintiff was not Disabled**

The ALJ, at step three, determined that Plaintiff did not meet or equal the required severity in the Listing of Impairments. (ALJ's Decision at 4.) This determination was based upon the ALJ's evaluation of Dr. Alan Lichtbroun's ("Dr. Lichtbroun") testimony, Plaintiff's treating physician, and the administrative record as a whole. This Court finds that the ALJ fully addressed the substantial evidence that he used to determine that Plaintiff did not meet or equal Section 14.02B of the Listing of Impairments. In addition, the ALJ, at step four, determined that Plaintiff has the RFC to return to her past work, as she is capable of performing sedentary work. (ALJ's Decision at 5.) The ALJ referred to Dr. Lichtbroun's opinion and the record as whole to support this finding. Substantial evidence in the record supported the ALJ's determination that Plaintiff can perform sedentary work. (ALJ's Decision at 5.) This Court finds that the ALJ's Decision fully addressed the basis for his conclusion that Plaintiff can perform sedentary work.

For the reasons discussed below, this Court finds the ALJ's Decision contains a sufficient factual basis to support the conclusion that Plaintiff is not disabled as within the meaning of the Act. 42 U.S.C. §§ 1381-1383 (c).

7

A.  Substantial Evidence demonstrates that Plaintiff did not meet or equal Section 14.02B of the Listing of Impairments

Plaintiff argues that the ALJ's findings are not based upon substantial evidence.  (Pl.'s Br. at  13.)  First, Plaintiff argues that there is substantial evidence to support the finding that Plaintiff manifested four "lesser involvements" of organ/body systems of the 14.02B criteria.[3]  (Pl.'s Br. at 17.)  Second, Plaintiff argues that the ALJ rejected the report of Dr. Myloid, an expert in orthopedic surgery and in the Commissioner's Regulations, without providing contradictory evidence to his findings.  (Pl.'s Br. at 13, 18, 20.)  The ALJ found that Plaintiff did not suffer fever or weight loss, as required in 14.02B, and also found that Plaintiff's subjective complaints did not rise to the moderate level of severity as required to meet or equal the listing.  (ALJ's Decision at 4.)

The ALJ considered Plaintiff's systemic lupus erythematosus and found that it did not meet or equal the criteria of Section 14.02B of the Listing of Impairments.  Specifically, the ALJ found that Plaintiff did not show "significant, documented, constitutional symptoms and signs of severe fatigue, fever, malaise, and weight loss."  20 C.F.R., Part 404, Subpart P, Appendix 1.  Additionally, there is no evidence in the record indicating that Plaintiff had any fever or weight loss associated with her condition.   Although Dr. Myloid found that Plaintiff did not suffer any weight loss as a result of taking Prednisone, which often masks weight loss, the ALJ rejected Dr. Myloid's opinion that Plaintiff equaled Section 14.02B because there was sufficient evidence in the record to support a finding that Plaintiff did not meet or equal the criteria of Section 14.02B.  (ALJ's Decision at 4.)

---

[3]  Section 14.02B of the Listing of Impairments requires "lesser involvement of two or more organs/body systems listed in paragraph A, with significant, documented, constitutional symptoms and signs of severe fatigue, fever, malaise, and weight loss. At least one of the organs/body systems must be involved to at least a moderate level of severity."  20 C.F.R., Part 404, Subpart P, Appendix 1.

8

Specifically, the ALJ noted that Plaintiff's subjective complaints were not severe as she was "still able to perform most of her daily activities independently which includes caring for three small children." (ALJ's Decision at 5.)   Additionally, when Plaintiff conceded that she gained eighty pounds, she had already stopped taking prednisone and refused to go back on the medication. (Admin. Record at 142.)   Therefore, this Court finds that there is sufficient evidence in the record to support the ALJ's finding that Plaintiff did not meet or equal Section 14.02B of the Listing of Impairments.

B. Substantial Evidence demonstrates that Plaintiff can perform sedentary work

Plaintiff argues that Plaintiff's RFC would not allow her the ability to perform even sedentary work. (Pl.'s Br. at 18.)   Plaintiff also contends that the ALJ did not sufficiently discuss or weigh all of the evidence of record. (Pl.'s Br. at 18-20.) The Commissioner must determine the claimant's RFC and the claimant's ability to perform past work at step four of the disability evaluation. *See* 20 C.F.R. § 404.1520 (iv).   The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 1999); *see also,* 20 C.F.R. § 404.1545(a).  For this determination, the ALJ must use all relevant evidence in the case record to assess the claimant's RFC. *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002); *Cotter*, 642 F.2d at 704; *see also* 20 C.F.R. § 404.1545(a).  The ALJ is not required to explicitly set forth and analyze each piece of evidence in the record.  *Cotter,* 642 F.2d at 705. Instead, the ALJ must set forth the explicit considerations upon which his decision is based, with sufficient specificity so as to enable the reviewing court to decide whether the disability determination was supported by substantial evidence. *Cotter,* 642 F.2d at 705.

The ALJ referred to Farley's decision, Dr. Lichtbroun's opinion, Plaintiff's subjective

complaints, and the record as a whole, to determine that Plaintiff retained the RFC to perform sedentary work.  Specifically, the ALJ considered Dr. Lichtbroun's finding that Plaintiff "was unable to perform labor intensive work. . . but is not precluded from her prior work because it was not labor intensive." (ALJ's Decision at 5.)  This finding is consistent with the medical record which demonstrates that Plaintiff retained significant functional ability and was able to sit for extended periods of time.  Additionally, Dr. Farooq Rehman ("Dr. Rehman"), a treating neurologist, reported normal physical and neurological findings and attributed Plaintiff's claim of right side weakness and loss of strength to her lack of effort. (Admin. Record, Ex. 9F at 151.)  The ALJ's finding was also consistent with the assessment completed by Dr. J. Zims ("Dr. Zims"), a State agency medical consultant.  Dr. Zims found that Plaintiff could occasionally lift twenty pounds, sit six hours and push or pull within the limits of her ability to lift or carry. (Admin. Record at 89.)  Further, Dr. Zims's assessment was evaluated and affirmed by Dr. B. Mirti ("Dr. Mirti"), another State agency medical consultant.  (Admin. Record at 94.)

Dr. Myloid testified that Plaintiff's RFC was for "less than sedentary" as he found that "it would be a stretch" for Plaintiff to walk two hours in an eight hour work day, that Plaintiff would be unable to stand for six hours out of an eight hour work day, and that Plaintiff could not lift more than five pounds on a consistent basis. (Admin. Record at 289.)  As Dr. Myloid is a non-examining physician, the ALJ could afford Dr. Myloid's findings less weight.  The ALJ was not required to give the findings any special considerations.  *See* 20 C.F.R. § 404.1527(d); *see also Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993) (noting that "a court considering a claim for disability benefits must give greater weight to the findings of a treating physician than to the findings of a physician

who has examined the claimant once or not at all").[4]

The ALJ properly considered Plaintiff's subjective complaints.  Plaintiff alleges that the ALJ did not properly evaluate Plaintiff's subjective complaints. (Pl.'s Br. at 23.)  The ALJ must evaluate the intensity and persistence of any pains which will affect the individual's ability to work in order to assure the validity of such allegations are supported by objective medical evidence.  *See* 20 C.F.R. § 404.1529(a); *Hartranft,* 181 F.3d at 362.  Such objective medical evidence must show the existence of a medically determinable impairment or impairments which could reasonably be expected to produce the pain or other symptoms alleged.  *See* 20 C.F.R. § 404.1529(b).  However, the ALJ did not find Plaintiff's subjective complaints credible because "the true measure of disability is functionality and her testimony at the one and only hearing that she did appear for presents someone who, with some isolated incidents, was nonetheless operating at a highly functional level." (ALJ's Decision at 5.)  The ALJ's conclusion is supported by the medical evidence in the record. For example, Dr. Thomas Nucatola ("Dr. Nucatola"), Plaintiff's treating rheumatologist, found that Plaintiff had only a "trace" of tenderness, no swelling, and full range of motion.  (Admin. Record at 122.)  Additionally, Dr. Rehman  noted that Plaintiff's gait was normal, coordination was normal, and Plaintiff maintained good range of motion in his May 1996 report.  (Admin. Record at 151.) Moreover, Plaintiff testified that she cooked, washed dishes, did laundry, dusted, folded clothes, and cared for three young children, including a baby.  (Admin. Record at 26- 27, 79.)  Therefore, the ALJ determined that Plaintiff's subjective complaints did not rise to a level that was severe in nature so as to meet the requirement for a finding of disability.  *See* 20 C.F.R. § 404.1529(c).  Based on the

---

[4]  Dr. Zims and Dr. Mirti are also non-examining physicians, however their opinions are consistent with the record as a whole.

11

foregoing, this Court finds that the ALJ properly used his discretion to determine that Plaintiff's subjective complaints had only a slight or minimal effect on Plaintiff's ability to perform her work-related activities and daily responsibilities.

C. The ALJ properly found that Plaintiff could return to her past relevant work

Plaintiff argues that the ALJ "failed to set forth a legal and defensible theory upon which benefits could be denied." (Pl.'s Br. at 26.)  An individual retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job either as she actually performed it or as generally required by employers throughout the national economy.  *See* 20 C.F.R. § 404.1560(b)(2); SSR 82-61.  Based upon the evidence in the record, the ALJ found that Plaintiff retained the RFC to perform sedentary work.   When compared with "the physical and mental demands of this [past] work," the ALJ determined that Plaintiff was capable of performing her past work as a clerical worker for an insurance company.  (ALJ's Decision at 6.)  For example, Plaintiff testified that the job required her to make corrections to customer's manual fund accounts, perform check reconciliations, make photocopies, and answer telephones. (Admin. Record at 24.) Based on Plaintiff's RFC as well as the above tasks and duties, the ALJ concluded that "the claimant can perform sedentary work" as "this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity."  (ALJ's Decision at 5-6.) Further, the ALJ found that Plaintiff "is not precluded from her prior work because it was not labor intensive." (ALJ's Decision at 5.)  This Court finds that the ALJ's conclusion was substantially supported by the record as a whole.

12

**CONCLUSION**

For the foregoing reasons, the Court will **AFFIRM** the ALJ's Decision.


s/ Susan D. Wigenton, U.S.D.J.